UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

IN ADMIRALTY

CASE NO.:

OWEN JAMES KINGSLEY,

    Plaintiff,

v.

CITY OF KEY WEST,

    Defendant.

_____/

**MARITIME COMPLAINT AND DEMAND**

**COMES NOW**, Plaintiff, OWEN JAMES KINGSLEY (hereinafter "KINGSLEY"), by and through undersigned counsel, hereby files this Maritime Complaint against Defendant, CITY OF KEY WEST, and, in support states as follows:

**PARTIES AND JURISDICTION**

1. This is an admiralty and maritime cause of action arising under the General Maritime Laws of the United States.

2. This cause of action stems from personal injuries Plaintiff, KINGSLEY sustained at Key West Bight Marina on or about June 26, 2021, while Plaintiff, KINGSLEY was travelling via a dinghy boat in the navigable waters of Monroe County.

3. At all times material hereto, Plaintiff, KINGSLEY was and is a resident and/or citizen of the State of Florida.

4. At all times material hereto, Plaintiff, KINGSLEY was and is the owner of 32' Endeavor "Tiki", a vessel that was moored near the Key West Bight Marina.

5. At all times material hereto, the CITY is a political subdivision of Monroe County, Florida, with its principal place of business in Monroe County, Florida.

6. At all times material hereto, the CITY offered marina services including but not limited to short and long-term dockage of dinghy boats and other recreational vessels.

7. At all times material hereto, Defendant, CITY OF KEY WEST (hereinafter referred to as "the CITY" or "DEFENDANT"), owns and operates KEY WEST BIGHT MARINA (hereinafter referred to as "the MARINA").

8. At all times material hereto, the CITY manages, regulates, operates, and controls the MARINA, including the dinghy dock.

9. At all times material hereto, the CITY manages the day-to-day activities at the MARINA, including but not limited to issuing decals, monitoring vessels to avoid overcrowding of the MARINA, and monitoring where and how vessels are moored and/or docked.

10. This matter arises out of a maritime and admiralty claim pursuant to 28 U.S.C. § 1333 and sets forth an admiralty and maritime claim within the meaning of Supplemental Rule 9(h).

11. All events, acts, and circumstances giving rise to this action all occurred on the navigable waters of Florida during traditional maritime activity.

4. This Honorable Court can freely exercise personal jurisdiction over Defendant, the CITY, who at all times material hereto, personally, and/or through its agents:

    a. Operated, conducted, transacted, engaged in, or carried on a business venture in the State of Florida, or has an office or agency in this State and/or Monroe County;

    b. Was engaged in substantial activity within the State of Florida;

    c. Controlled vessels in the navigable waters of the State of Florida;

    d. Contracted to supply services or things in whole, or in part in the State of Florida;

    e. Committed one or more of the acts stated in Florida Statutes, Section 48.081, 48.181, or 48.193; and

    f. The acts of Defendants as set forth in this Complaint is whole or in part of this county and/or state.

12. Venue is proper as all parties reside and/or engaged in operations in Monroe County, Florida.

## GENERAL ALLEGATIONS

13. Prior to June 26, 2021, KINGSLEY moored his vessel 32' Endeavor within the navigable waters of the MARINA, and in exchange for a fee, was issued a decal by the CITY, for use and access of the dinghy dock.

14. At all times material hereto, the CITY provided documentation of the MARINA's policies related to use of the dinghy dock itemizing various rules to follow.

15. At all times material hereto, the MARINA was monitored by a Dock Master hired by the CITY to walk the docks to ensure compliance with the CITY's rules for the MARINA.

16. At all times material hereto, the CITY issued reservations for each spot available for a vessel to moor/dock.

17. However, despite maritime laws regarding the proper spacing of vessels on a marina, the CITY allowed the MARINA to be overcrowded and for vessels to remain illegally and improperly moored/docked.

18. On or about June 26, 2021, KINGSLEY was travelling via dinghy from the dinghy dock within the MARINA to his vessel.

19. While travelling through the dinghy dock in navigable waters, KINGSLEY's right hand was struck by the propeller of a vessel which was improperly docked with its engines out of the water, exposing the propeller to other vessels.

20. As a result of the incident, KINGSLEY sustained injuries to his right ring finger, including the tip of his finger being severed.

21. Due to the CITY's negligent acts and/or omissions, KINGSLEY witnessed the severance of the tip of his finger.

22. Due to the CITY's negligent acts and/or omissions, KINGSLEY has had to endure surgery in an attempt to save his finger injured in the accident.

23. Due to the CITY's negligent acts and/or omissions, KINGSLEY has suffered permanent disfigurement due to the negligence of the CITY and continues to experience severe pain and suffering.

## COUNT I: MARITIME NEGLIGENCE

Plaintiff re-adopts and re-alleges paragraphs one (1) to twenty-three (23), as if stated herein verbatim and further alleges:

24. This action arises as an admiralty and maritime claim under the general maritime law of the United States.

25. At all times material hereto, CITY owned, operated, regulated, and managed the subject MARINA.

26. At all times material hereto, CITY had a duty to control the number of vessels moored/docked at the marina.

27. At all times material hereto, CITY had a duty to control where and how each vessel was moored/docked at the marina.

28. At all times material hereto, CITY had a duty to regulate, supervise and monitor the vessels moored/docked to ensure compliance with the rules regarding proper dockage.

29. At all times material hereto, CITY owed a duty of reasonable care to KINGSLEY as an owner/operator of a vessel moored at the marina to provide a safe place for dinghy boats to travel to moored vessels within its waters.

30. Defendant, CITY OF KEY WEST, breached its duty by:

   a. failing to promulgate and enforce reasonable rules and regulations regarding proper docking of vessels to ensure the safety and health patrons, and more particularly the Plaintiff;

   b. Failing to follow sound management practices with the goal of providing Plaintiff with safe access from the dock to his vessel;

   c. failing to remove vessels improperly docked;

   d. failing to use reasonable care in assisting dinghies traveling through navigable waters around the marina;

   e. Failure to provide adequate safety measures to guard against known risks of injury to Plaintiff.

31. Defendant knew of the foregoing conditions causing Plaintiff's injury and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

32. As a result of the negligence of Defendant, the Plaintiff was injured about his body and extremities, suffered pain therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, Plaintiff, KINGSLEY demands judgment against Defendant, THE CITY OF KEY WEST, for actual and compensatory damages, prejudgment and post-judgment interest, and any further relief this Court deems just.

Dated: April 24, 2024

Respectfully submitted,

*/s/ Alejandro J. Gonzalez*
GONZALEZ P.A.
Alejandro J. Gonzalez, Esq.
FL Bar No. 015293
19 South Krome Ave
Homestead, FL 33030
Telephone: (786)429-1511
alex@agonzalezlaw.com
info@agonzalezlaw.com
Attorney for the Plaintiff